# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carmen Sonia Ramirez Martinez,<br><br>      Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>      Respondents. | No. CV-15-00755-PHX-NVW (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

Petitioner Carmen Sonia Ramirez Martinez has filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 9.)

**I.   SUMMARY OF CONCLUSION**

Petitioner raises two grounds for relief in her timely Petition. Petitioner's claims are conclusory and lack merit. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

**II.   BACKGROUND**

    **a. Facts of the Crimes**

The Presentence Report includes a summary of the underlying facts of Petitioner's crimes[1]:

> On November 2, 2012, at approximately 6:00 p.m., a loss prevention officer at Old Navy observed Carmen Ramirez-Martinez take a men's shirt and a men's sweater (totaling $44.94) from the store and place them in her purse. Ms. Ramirez-Martinez then walked past all points of sale and exited the store. Ms. Ramirez-Martinez was detained in the parking lot. When police arrived, Ms. Ramirez-Martinez initially gave a false name. After giving her true name, a record check was conducted and revealed she was a previously deported felon with a lengthy criminal record and more than ten aliases. Ms. Ramirez-Martinez refused to answer any questions regarding her involvement in the shoplifting offense.

(Doc. 21-1, Ex. G, at 45.)

### b. Plea Proceedings

On November 19, 2012, Petitioner was indicted on two felony charges: one count of shoplifting with artifice or device and one count of organized retail theft. (Doc. 21-1, Ex. A, at 4.) On November 20, 2013, Petitioner pleaded guilty to a single count of shoplifting with artifice or device and stipulated her sentence would be enhanced due to a prior felony conviction for shoplifting. (Doc. 21-1, Ex. B, at 7.)[2] Petitioner stipulated to a five-year term of imprisonment. (*Id.*) Petitioner agreed that she discussed the plea agreement with counsel and understood the stipulations of the agreement (Doc. 21-1, Ex. D, at 16-28), and that she would be waiving her right to appeal (Doc. 21-1, Ex B, at 8). Petitioner "personally and voluntarily placed [her] initials" next to specific plea agreement provisions, which indicated her consent to those provisions. (Doc. 21-1, *id.* at 9.) One of those provisions stated:

> Unless this plea is rejected by the court or withdrawn by either party, the Defendant hereby waives and gives up any and all motions, defense, objections, or requests which she has made or raised, or could assert hereafter, to the court's

---

[1] In Arizona, the factual basis for a guilty plea "may be ascertained from the record including presentence reports, preliminary hearing reports, admissions of the defendant, and from other sources." *State v. Varela*, 587 P.2d 1173, 1175 (1978).

[2] Petitioner's criminal history reflected four prior felony convictions and 17 misdemeanor convictions. (Doc. 21-1, Ex. G, at 48.)

- 2 -

>entry of judgment against her and imposition of a sentence upon her consistent with this agreement.

(Doc. 21-1, *id.* at 8.)

On December 17, 2013, Petitioner appeared for sentencing. Petitioner apologized for her conduct and "resolved not to behave in this manner again." (Doc. 21-1, Ex. F, at 40.) The court sentenced Petitioner to the stipulated, aggravated term of five years' imprisonment. (*Id.*) The Court found that "[Petitioner] knowingly, intelligently and voluntarily waived all pertinent constitutional and appellate rights and entered a plea of guilty." (Doc. 21-1, Ex. E, at 32.)

### c. Petitioner's Post-Conviction Relief Proceeding

On February 5, 2014, Petitioner timely commenced her post-conviction relief (PCR) proceeding by filing a notice of post-conviction relief. (Doc. 21-1, Ex. H.) In the PCR petition, Petitioner claimed several violations of her pre-plea constitutional rights, including general claims asserting double jeopardy and due process violations, as well as a claim of ineffective assistance of counsel. (Doc. 21-1, Ex. J, at 65-69.)

On February 12, 2014, the trial court dismissed Petitioner's PCR petition, finding that her claims were "conclusory and [] speculative," and unsupported by "any legal arguments or factual evidence." (Doc. 21-1, Ex. M, at 102.) The Court also stated that:

>[Petitioner] has failed to show how some of the complaints about trial counsel really apply to her. She does not provide any legal argument or factual evidence to support any of her claims. She fails to show in the context of plea offers that the outcome of the plea process would have been different with competent advice and fails to demonstrate the materiality of [] counsel's alleged deficient performance.

(*Id.*)

1   On March 30, 2015, Petitioner filed a petition for review in the Arizona Court of
2   Appeals, requesting that the court to review the dismissal of her PCR by the trial court.
3   (Doc 21-1 Ex. P, at 120.)[3]

### d. Petitioner's Federal Habeas Petition

On April 24, 2015, Petitioner filed a Writ of Habeas Corpus in this Court. (Doc. 1.) On August 17, 2015, Petitioner filed her Amended Petition. (Doc. 9.) Petitioner raises two grounds for relief:

1. Petitioner was denied her due process rights against compelled self-incrimination and double jeopardy. The sentencing judge improperly asked Petitioner to counter or explain evidence.

2. The sentencing court's "use of Petitioner's expired conviction as an aggravating factor in a subsequent criminal proceeding for enhancement of Petitioner's current sentence" is a violation of the Double Jeopardy Clause.

(Doc. 9 at 6-7.) On December 31, 2015, Respondent filed their Limited Answer to the Petition. (Doc. 21.)

## III. THE PETITION

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § § 2241 (c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. The Petition is timely.

### a. Procedural Default

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

---

[3] The parties did not submit the status of that appeal. The Court does not require an update of its resolution to determine that Petitioner's claims are meritless.

("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id*. at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The court may review the merits of an argument in the interest of judicial economy. *See Lambrix v. Singletary*, 520 U.S. 518, 524-525 (1997) (explaining that the court may bypass the procedural default issue in the interest of judicial economy when the merits are clear but the procedural default issues are not).

### b.  Merits Review

The court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision which was contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d); *Davis v. Ayala*, 135 S.Ct. 2187, 2198-99 (2015); *Musladin v. Lamarque*, 555 F.3d 834, 838 (9th Cir. 2009). The AEDPA requires that the habeas court review the "last reasoned decision" from the state court, "which means that when the final state court decision contains no reasoning, we may look to the last decision from the state court that provides a reasoned explanation of the issue." *Murray v. Schriro*, 746 F.3d 418, 441 (9th Cir. 2014) (quoting *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000)).

> Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.

*White v. Woodall*, 134 S.Ct. 1697, 1702 (2014) (internal citations and quotations omitted). *See also Arrendondo v. Neven*, 763 F.3d 1122, 1133-34 (9th Cir. 2014).

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fair minded disagreement." *Harrington v. Richter*, [] 131 S.Ct. 770, 786–787, [] (2011). "If this standard is difficult to meet"—and it is—"that is because it was meant to be." [] 131 S.Ct., at 786. We will not lightly conclude that a State's criminal justice system has experienced the "extreme malfunctio[n]" for which federal habeas relief is the remedy. *Id.*, at ——, 131 S.Ct., at 786 (internal quotation marks omitted).

*Burt v. Titlow*, 134 S.Ct. 10, 15-16 (2013).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law as stated in United States Supreme Court opinions, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005).

A state court decision involves an unreasonable application of clearly established federal law if it correctly identifies a governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new set of facts in a way that is objectively unreasonable. *See McNeal v. Adams*, 623 F.3d 1283, 1287–88 (9th Cir. 2010). The state court's determination of a habeas claim may be set aside under the unreasonable application prong if, under clearly established federal law, the state court was "unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled." *Ramdass v. Angelone*, 530 U.S. 156, 166 (2000). However, the state

- 6 -

court's decision is an unreasonable application of clearly established federal law only if it can be considered objectively unreasonable. *See, e.g.*, *Renico v. Lett*, 559 U.S. 766, 130 S. Ct. 1855, 1862 (2010). An unreasonable application of law is different from an incorrect one. *See Renico*, 130 S. Ct. at 1862; *Cooks v. Newland*, 395 F.3d 1077, 1080 (9th Cir. 2005). "That test is an objective one and does not permit a court to grant relief simply because the state court might have incorrectly applied federal law to the facts of a certain case." *Adamson v. Cathel*, 633 F.3d 248, 255–56 (3d Cir. 2011). *See also Howard v. Clark*, 608 F.3d 563, 567–68 (9th Cir. 2010).

Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Brumfield v. Cain*, 135 S.Ct. 2269, 2277 (2015). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." *Sumner v. Mata*, 455 U.S. 591, 593 (1982). *See also Phillips v. Ornoski*, 673 F.3d 1168, 1202 n.13 (9th Cir. 2012).

Additionally, the United States Supreme Court has held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). *See also Murray*, 745 F.3d at 998. Pursuant to section 2254(d)(2), the "unreasonable determination" clause, "a state-court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt*, 134 S.Ct. at 15 (internal quotation marks and citation omitted) (quoted by *Clark v. Arnold*, 769 F.3d 711, 724-25 (9th Cir. 2014)).

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the AEDPA otherwise requires. *See Lafler*, 132 S. Ct. 1389-90; *Panetti v. Quarterman*, 551

U.S. 930, 953–54 (2007). Additionally, the petitioner must show the error was not harmless: "For reasons of finality, comity, and federalism, habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Davis v. Ayala*, 135 S.Ct. 2187, 2197 (2015) (internal quotations omitted).

## IV. DISCUSSION

### a. Ground One

Petitioner asserts she "was denied the due process right against compelled self-incrimination under *Johnson v Howard*, 963 F.2d 342, 345 (11th Cir. 1992),[4] not to be placed twice in jeopardy for the same offense." (Doc. 9 at 6.) She contends "the *Grady* Rule[5] provides that the Double Jeopardy Clause bars any subsequent prosecution in which" an element of the offense constitutes "an offense for which the Petitioner has already been prosecuted." (*Id.*) Petitioner also asserts the "state sentencing court asking the Petitioner to counter or explain the evidence constitutes improper references on a defendant's failure to testify. . . ." (*Id.*)

### i. Petitioner fails to prove a double jeopardy violation.

Petitioner's allegation of a double jeopardy violation is vague and conclusory. A claim must allege specific facts or information to allow for habeas relief. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). Here, Petitioner does not explain how she has been placed in jeopardy for "an offense for which the Petitioner has already been prosecuted." (Doc. 9 at 6.) Petitioner offers no facts to support her claim.

---

[4] *Johnson v. Howard*, 963 F.2d 342, 346 (11th Cir.1992) (holding defendant's state convictions of possession of a pistol after conviction of a crime and carrying that pistol without a license did not violate double jeopardy because each required proof of a separate element).

[5] *Grady v. Corbin*, 495 U.S. 508 (1990) (holding that a subsequent prosecution must satisfy a "same-conduct" test to avoid the double jeopardy bar). *But see United States v. Dixon*, 509 U.S. 688 (1993) (overruling *Grady*'s same-conduct test and reaffirming *Blockburger's* same-element test).

Assuming arguendo that Petitioner is claiming a double jeopardy violation for her plea of guilty with a prior felony conviction, Petitioner's claim is meritless. Petitioner asserts "the *Grady* Rule provides that the Double Jeopardy Clause bars any subsequent prosecution in which" an element of the offense constitutes "an offense for which the Petitioner has already been prosecuted." (*Id.*) Petitioner's admission of a prior conviction was not an element of the offense of shoplifting with artifice or device.[6] Instead, Petitioner's admission of a prior conviction from 2007 increased Petitioner's range of sentence. The Double Jeopardy Clause prevents the Government from engaging in successive punishments for the same offense, but it does not prohibit enhanced sentencing. *See Almendarez-Torres*, 523 U.S. 224 (1998) (rejecting "petitioner's constitutional claim that his recidivism must be treated as an element of his offense"). Petitioner's claim fails.

### ii. The court did not comment on Petitioner's rights.

Petitioner asserts the "state sentencing court asking the Petitioner to counter or explain the evidence constitutes improper references on a defendant's failure to testify. . . ." (Doc. 9 at 6.) Assuming this is a separate claim from the claim of double jeopardy argued above, the Court finds this claim is also vague and conclusory. Petitioner offers no facts in support of her argument. Moreover, the Court has reviewed the five-page sentencing transcript and the trial court did not ask Petitioner to counter the evidence or comment on Petitioner's failure to testify. Both parties asked the court to follow the plea agreement stipulation of five years' imprisonment and the Petitioner expressed remorse for her conduct. (Doc. 21-1, Ex. F, at 38-42.) The court sentenced Petitioner to the stipulated term of imprisonment based upon Petitioner's "criminal history with the multiple prior felony convictions and really repetitive shoplifting offenses. . . ." (*Id.* at

---

[6] A.R.S. 13-1805(A)(1), as charged here, provides: "A person commits shoplifting if, while in an establishment in which merchandise is displayed for sale, the person knowingly obtains such goods of another and the intent to deprive that person of such goods by [r]emoving any of the goods from the immediate display or from any other place within the establishment without paying the purchase price" by use of an "artifice, instrument, container, device or other article . . . ."

- 9 -

40.) Petitioner's sentencing was straightforward and the court followed the plea stipulation of five years' imprisonment. Petitioner's claim is unacceptably vague, and any sentencing claim is meritless.

### b. Ground Two

Petitioner alleges she "was denied the due process right against compelled self incrimination under *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)[7] not to be placed in jeopardy twice for the same offense." (Doc. 9 at 7.) Petitioner alleges the "state sentencing court['s] use of Petitioner's expired conviction as an aggravating factor in a subsequent criminal proceeding for enhancement of Petitioner's current sentence" is a violation of the Double Jeopardy Clause. (*Id.*)[8]

Petitioner has not twice been placed in jeopardy for the same offense. Instead, as explained above, Petitioner agreed to an enhanced sentencing range as a recidivist. The Fifth Amendment's Double Jeopardy Clause protects against multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). However, "[a]n enhanced sentence imposed on a persistent offender [ ] is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Monge v. California*, 524 U.S. 721, 728 (1998) (internal quotation marks and citation omitted). By voluntarily pleading guilty with one prior felony conviction, Petitioner avoided the possibility that she be sentenced under a more harsh range with two prior felony convictions. Petitioner's claim is meritless.

---

[7] *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994) (reversing grant of habeas relief where defendant argued double jeopardy was violated when the state introduced prior convictions at a resentencing that had not been introduced at sentencing).

[8] Petitioner also states that "the submission of an involuntary confession constitutes and unreasonable application of clearly established federal law as determined by the Supreme Court of the United States." (Doc. 9 at 7.) Assuming this is a separate argument, it is meritless because Petitioner pleaded guilty. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

- 10 -

**CONCLUSION**

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are timely, but vague and meritless. The Court will therefore recommend that the Amended Petition for Writ of Habeas Corpus (Doc. 9) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 9) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of

///

///

the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 13th day of June, 2016.

Honorable John Z. Boyle
United States Magistrate Judge